TIMOTHY O'CONNELL, for the use of

RALPH C. PYLE

*v.*

JOHN W. REA *et al.*

</div>

COSTS—*of the requisites of affidavit for dismissal—for want of security for —in certain cases.* A, for the use of B, brought suit against C on an attachment bond. C filed an affidavit showing the insolvency of A, and moved that he be required to give security for the costs. The affidavit disclosed nothing as to the solvency of B, for whose use the action was brought, or his residence. A rule was accordingly entered against A, to show cause, and he failing to answer, the court, on motion, dismissed the suit: *Held,* that this action of the court was improper; for the reason, that the affidavit failed to make any mention of the responsibility of the *cestui que use,* or of his residence; that it should have negatived both of these facts, failing in which, the inference would be, that he was a resident and responsible.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion states the case.

Mr. JOHN CLARK, for the plaintiff in error.

Messrs. INGERSOLL & McCUNE and Mr. S. D. PUTERBAUGH, for the defendant in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

This record shows that an action was brought in the Circuit Court of Woodford county, by Timothy O'Connell for the use of Ralph C. Pyle, against John W. Rae and John T. Harper, on an attachment bond.

At the term of the court to which the summons was returned, the defendant Harper, entered a motion to rule the nominal plaintiff to give security for the costs, on his affidavit filed, that he was insolvent, saying nothing as to the responsibility of the *cestui que use*.

A rule was entered against O'Connell, to show cause by the next morning. He failed to answer the rule in any way, and on motion of the defendants' attorney, the suit was dismissed at the plaintiff's costs.

The question is, was this action of the court proper? There is no difficulty in its proper solution.

Section 16 of the act entitled " Costs," provides, when any suit is commenced in the name of one person to the use of another, the person to whose use the action is brought, shall be held liable and bound for the payment of all costs which the plaintiff may be adjudged or bound to pay, to be recovered by action on the case; but by the twenty-fourth and last section of the same act, it is provided, among other things, that where an action is brought to the use of another, and the plaintiff shall be adjudged to pay the costs, either before or upon final judgment, it shall be lawful for the clerk to make out and tax a bill of costs so adjudged to be paid, against the party adjudged to pay the same and against his security for costs, or other person liable for the payment thereof, or either of them, and certify the same under the seal of the court, which being delivered to the sheriff of the proper county, he shall demand payment from the person therein charged; if payment shall not be made accordingly, within thirty days after such demand, the sheriff shall levy the same on the goods and chattels, lands and tenements, of the person so chargeable, and proceed

therein in all things as on a writ of *fieri facias*.    Gross' Stat. 157, 158.

This last section obviates the hardship appellees' counsel suppose to exist, and the necessity of driving the party interested in the costs to his action on the case, to recover them of the *cestui que use.*

But independent of this statute, the rule to show cause against the nominal plaintiff was improvidently entered, and the subsequent proceedings thereon clearly erroneous.    In *Caton* v. *Harmon*, who sues for the use of *Freer*, 1 Scam. 581, it was held, as the affidavit for the rule to show cause why the suit should not be dismissed by reason of the non-residence of the nominal plaintiff, and his failure to file a bond for costs, did not show that the *cestui que use*, was also a non-resident, the motion to dismiss the cause was properly overruled.

The affidavit in the case before us, did not go to the non-residence of the plaintiff, but to his solvency, without any allusion to the responsibility of the use or to his residence. The inference is a just one, therefore, that he was a resident and of sufficient ability to pay the costs.    The affidavit should, on the principle of the above case, have negatived both these facts.

It was error, therefore, to dismiss the cause, and for that error the judgment must be reversed.

*Judgment reversed.*